**Isa GASHI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–2350–ag.

United States Court of Appeals, Second Circuit.

Aug. 30, 2006.

S. Gjoni, New York, New York, for Petitioner.

William J. Leone, United States Attorney, Mark S. Pestal, Assistant United States Attorney, Denver, Colorado, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Isa Gashi petitions for review of an order of the BIA affirming Immigration Judge ("IJ") Annette S. Elstein's decision ordering Gashi's removal to Yugoslavia and denying his applications for asylum, withholding of removal, and CAT relief. We assume the parties' familiarity with the facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). The Court reviews questions of law *de novo,* including "what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005). The Court reviews factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

█ A failure to corroborate may lead to a claim's denial based on insufficiency of the evidence. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000). Before denying a claim for failure to corroborate otherwise credible testimony, an IJ must first identify the particular pieces of missing, relevant evidence, and show that this evidence was reasonably available to the applicant. *See id.* at 289–90; *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003); *cf. Xiao Ji Chen v. United States Department of Justice,* 434 F.3d 144, 164 (2d Cir.2006) (explaining that this requirement of identification and availability is not required where testimony is non-credible); *Zhou Yun Zhang,* 386 F.3d at 78 (same).

1 IJ Elstein's insufficiency finding is supported by substantial evidence in the record. Gashi failed to corroborate his account of persecution with any documents or background information. He explained that the documentary proof of his membership in the Democratic League of Kosovo, the medical records for his father, and his draft notice, had all been destroyed when his family's house had been burned, and the credibility of his explanation was not challenged. However, the IJ properly noted that the letter from Gashi's father did not include "any statement about what's happened to [Gashi] and his family in the past, and what fears they may have in the future." Gashi also failed to submit any evidence corroborating his assertions that his father had been beaten, that his nephew had been killed, or that his home had been burned. While Gashi's destroyed documents were justifiably unavailable, it was not unreasonable for the IJ to expect that Gashi's father's statement, entered into evidence, would mention the family's past persecution.

█ Furthermore, the IJ correctly noted that Gashi had not been present in Kosovo at the time that his nephew had been killed, when his family had allegedly been driven from their home, or when his father had been beaten. Gashi's applica-

tion and testimony indicated that he had left Kosovo in September 1998, but that the instances of persecution against his family had occurred in 1999. The sequence of events indicate that, while Gashi may have left Kosovo due to other instances of persecution, the impetus for his departure was not the persecution suffered by his nephew, father, and family. The IJ's finding in this regard is, therefore, also supported by substantial evidence.

■ The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta,* 19 I. & N. Dec. 211, 216, 1985 WL 56042 (BIA 1985). Gashi's refusal to join the Serb-dominated national army rises to the level of past persecution. *See Islami,* 412 F.3d at 397. Gashi's assertions that Serbian policemen had searched him, beat him "in front of other passengers," and had taken his money, and that the Serb military and police had attacked his village "killing [a] couple of [the] villagers and destroying many houses," may also constitute past persecution. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004).

■ However, when a petitioner establishes that he has been persecuted in the past, "asylum may be denied as a matter of discretion if there is little likelihood of present [or future] persecution." *Matter of Chen,* 20 I. & N. Dec. 16, 18, 1989 WL 331860 (BIA 1989). Accordingly, even if this Court determines that Gashi demonstrated that he was the victim of past persecution, the changed country conditions in Yugoslavia will rebut the presumption of future persecution.

In *Islami,* this Court determined that, because a Muslim and ethnic Albanian's fear of returning to Kosovo was not related to persecution from the Serbian national military, but instead was based on his fears of general harassment from ethnic Albanians, the petitioner's asylum claim failed because his assertions of "past persecution and fear of future torment involve[d] essentially different concerns," and the Government had effectively rebutted the presumption of future persecution by establishing through "copious evidence" that the Serb domination of Kosovo had ended. *See Islami,* 412 F.3d at 398.

Here, Gashi alleged past persecution from the Serb military and police, but the letter from his father and his testimony indicated that he fears future persecution from both the Serbian police who could return to power and unidentified others. The IJ did not err in determining that Gashi's fear that the Serbian police would return, although they were no longer patrolling Kosovo, constituted "speculation for which no basis ha[d] been established." Indeed, none of the documents or reports submitted into evidence indicated that the Serbian forces would resume their domination of Kosovo. Furthermore, the IJ did not err in stating that the reports entered into evidence indicate that any violence currently occurring in Kosovo stemmed from rivalries among Albanians, and not Serbian authorities. Finally, the IJ did not clearly err in finding that the return of Gashi's family to Kosovo mitigated the reasonableness of Gashi's fears of future persecution.

Gashi's present argument—that he fears future persecution from the Kosovo Liberation Army, due to his past affiliations with the group—was not raised before the IJ or the BIA, and, therefore, is unexhausted. *See Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005) ("§ 1252(d)(1) bars the consideration of bases for relief that were not raised below, and of general issues that were not raised below, but not of specific, subsidiary legal arguments, or arguments by extension, that were not made below").

In his brief to this Court, Gashi fails to challenge the IJ's and the BIA's denial of

his withholding of removal and CAT claims and his motion to terminate proceedings. Gashi has, therefore, abandoned these challenges. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

Accordingly, Gashi's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any·pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).